HEARD NOVEMBER TERM, 1872.

## KIRKLAND *vs.* CURETON.

In an action upon a money bond, where the defense is payment, the facts found by a Referee, to whom the whole issues have been referred, by consent, must be considered as finally adjudicated, unless it is made to appear that the evidence was incompetent to support his conclusions in point of law, and that, had the case been tried by a jury, the presiding Judge would have been justified in directing a finding for the party against whom the Referee found.

If any evidence is given which entitles the Referee to pass upon the question of fact, it is his province to decide what its force and effect is, and it is not competent for the Supreme Court to say that it does not sustain his conclusions.

BEFORE THOMAS, J., AT LANCASTER, ·                    TERM, 1872.

This was an action by Mary M. Kirkland, as administratrix of Thomas J. Withers, deceased, plaintiff, against Thomas K. Cureton, as surviving executor of Thomas Cureton, deceased, defendant, to recover a sum of money claimed to be due and unpaid on a joint and several bond, dated 1st of January, 1853, for $10,000, and interest, given by James B. Cureton, as principal, and the testator of defendant, with two others, as surety to the intestate of plaintiff, and secured by a mortgage of a tract of land given by James B. Cureton to Withers. Payments from time to time had been made, which were entered on the bond, which were admitted.

The defense was, that in January, 1863, one William Dixon pur-
chased the mortgaged land from James B. Cureton, and in consid-
eration thereof paid to Withers $8,000, and gave him his (Dixon's)
bond, with two sureties, for $12,500, and that Withers accepted
said sum and bond in full payment and satisfaction of the amount
then due on the bond sued on, but did not enter the same as credits
on the bond.

The whole issues were referred to a Referee, and at the hearing
before him, William Dixon, for the defendant, testified that James
B. Cureton sold the mortgaged land to witness for $20,520 ; that in
January, 1863, he paid Withers $8,000, and gave him his bond for
$12,520 ; that these two sums exceeded the amount due by Cureton
to Withers by $1,056.70, which sum Withers paid to Cureton ; that
Cureton was not present when this transaction took place, he being
absent from the State at the time ; that Withers retained the bond
sued on in this action, and the mortgage to secure its payment, and
gave to witness an instrument, under seal, as follows :

" Whereas, William Dixon has executed and delivered to me his
bond, with sureties, dated the 1st day of January, eighteen hundred
and sixty-three, conditioned for the payment of twelve thousand five
hundred and twenty dollars, interest from date, being part of the
consideration agreed to be paid by the said Dixon to James B.
Cureton for certain lands at Liberty Hill, sold by said Cureton to
said Dixon, which lands were subject to mortgage executed to Thos.
J. Withers by said Cureton to secure the payment of certain debts,
which mortgage is dated the first day of January, eighteen hundred
and fifty-three; and extended to another debt under date the 28th
day of November, eighteen hundred and fifty-three : And whereas
it is understood by and between the said Withers, Cureton and
Dixon, that when the said Dixon shall pay, or cause to be paid, the
bond aforesaid, executed and delivered by him to the said Withers,
in full, the debt of said Cureton to said Withers shall be thereby
extinguished, including one for the principal sum of three thousand
dollars on which said Dixon is surety. Now, therefore, I, the said
Thomas J. Withers, agree and promise to and with said Dixon, that
when his said bond shall be fully satisfied and paid I will cause
the said mortgage to be marked satisfied and discharged.

" Witness my hand and seal, this tenth day of January, eighteen
hundred and sixty-three.

" Words 'including one for the principal sum of three thousand

dollars, on which said Dixon is surety,' being interlined before signing and sealing.

T. J. WITHERS, [L. S.]"

"Signed and sealed in presence of

W. E. JOHNSON."

The following was indorsed on the above paper : " Memorandum explanatory of within :

"Due by Wm. Dixon to James B. Cureton, for purchase
    money of land and interest, 1st January, 1863......$20,520 00
"Paid to T. J. Withers...........,....................................   8,000 00

"Bond given for balance...... ...............................,...........$12,520 00

"Debt and interest due by Cureton to Withers
    on these several bonds, 1st January, 1863, $19,463 30
"Deposited by T. J. Withers to credit of Cure-
    ton in Bank of Camden.................... 1,056 70
                                            ————— $20,520 00"

James B. Cureton was also examined for the defense.

He testified that he sold the land to Dixon to pay the debts he owed Withers; that he had received no part of the purchase money except the $1,056.70 paid to him by Withers; that after he made the sale, he met Withers and informed him of the sale and his purpose in making it, and asked Withers to allow Dixon to take his (witness) place and pay the debts he owed Withers. (The reply of Withers was excluded as a matter that the witness was incompetent to testify to.)

It further appeared that after Withers' death proceedings were taken to foreclose the mortgage, and that under those proceedings the land was sold to pay the debt to Withers.

The Referee found, as a conclusion of fact, that the sum paid by Dixon to Withers, and the bond of Dixon, were accepted by Withers in full payment and satisfaction of the bond sued on in this action. His conclusions of law were that the bond was satisfied, and that defendant was entitled to judgment against plaintiff for costs.

The plaintiff excepted to the conclusions of the Referee, and judgment having been entered on the report by order of the Court, he appealed, and moved this Court to review the evidence taken on the trial and reverse the judgment.

*Shannon*, for appellant, contended that the written paper executed by Withers at the time of the transaction between Dixon and himself, shows what was the intent of that transaction, and that Dixon's bond was not taken as payment but as collateral.

*Moore, Allison*, contra.

March 14, 1873. The opinion of the Court was delivered by

WILLARD, A. J. The appeal is from a judgment entered upon the report of a Referee of the whole issues in an action on a bond conditioned for the payment of money. It is to be assumed that the order of reference was made with the consent of the parties, as no objection is made to it on the ground that the issue was not referable under the Code of Procedure.

Under the appeal we have only authority to review the decisions below on questions of law material to the case.—*Sullivan* vs. *Thomas*, 3 S. C., 531. The facts found by the Referee must be considered as finally adjudicated, unless it is made to appear that the evidence on the part of the defendant was incompetent to support his conclusions in point of law, and that, had the case been tried before a jury, the presiding Judge would have been justified in directing a verdict for the plaintiff.

The Referee found, as matter of fact, that the obligee of the bond in suit had accepted in full payment and satisfaction thereof a certain sum of money and the bond of a third person with sureties.

If this conclusion of fact is to be regarded as decisive, the judgment in favor of the defendant was a necessary legal consequence.

There was testimony in the case competent to go to the Referee, or to a jury, as bearing on the question of fact, whether the money and bond were accepted as payment of the bond in suit.

The action was against the personal representative of a surety on a joint and several bond made by James B. Cureton, T. J. Cureton, and others, to T. J. Withers. It was contended, on behalf of the defendant, that this bond had been satisfied and paid by the acceptance, on the part of Withers, the obligee, of the amount, in cash and the bond of a third person.

The fact to be established, and which was found by the Referee, was, that the acceptance of such payment and bond was intended by the parties as payment. The evidence discloses two facts material to this question: First, that J. B. Cureton, the principal

obligor of the original bond, applied to Withers, the obligee, to accept the cash payment and bond offered, by way of substitution, in satisfaction of the original bond; and, second, that on the completion of the transaction, Withers, having received such cash payment and substituted bond for an amount exceeding the sum due on the original bond, paid the difference, in cash, to J. B. Cureton.

It does not appear, by direct testimony, that Withers, in terms, acceded to the proposition of J. B. Cureton, to accept the cash and bond, evidence on that subject having been rejected by the Referee, under the defendant's exception. The fact of the payment of such difference clearly bears on the question of acceptance. It was the province of the Referee to pass upon the force and effect of this testimony, and it is not competent for this Court to say that that evidence was insufficient to sustain his conclusion.

We regard the evidence, as sufficient to entitle the Referee to pass upon the question as matter of fact, and, therefore, there is no error of law in the report which can be made ground for setting it aside.

The appeal must be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.